IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ATHENA STERLING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 24-00281-JB-M |
| | ) |
| SOUTHERN DEVELOPMENT OF MISSISSIPPI, INC. | ) |
| | ) |
| | ) |
| Defendant. | ) |

### ORDER

This action is before the Court on Plaintiff's Motion to Remand (Doc. 7), Defendant's response in opposition thereto (Doc. 9), and Plaintiff's reply (Doc. 12). A hearing was held on November 6, 2024, and counsel for both parties appeared and argued. For the reasons set forth herein below, Plaintiff's motion is **DENIED**.

I.    **FACTUAL AND PROCEDURAL BACKGROUND**

This action stems from a "trip and fall" incident that occurred on October 4, 2022, in the parking lot of Family Dollar, which is owned by Defendant, Southern Development of Mississippi, Inc., ("Southern"). (Doc. 1). Plaintiff filed her Complaint on January 24, 2024, in the Circuit Court of Mobile County, Alabama asserting claims of negligence, wantonness, and negligent hiring/supervision/training and seeking damages for injuries, mental anguish, and pain and suffering. (*Id.*). The Complaint, however, does not seek any specific amount of damages. (*Id*).

On August 9, 2024, Plaintiff's counsel sent a settlement demand letter to Defendant seeking $100,000.00 to settle Plaintiff's claims. (*Id*. at 48-49). In support of her demand, Plaintiff

indicated that she suffered a "thoracic spine fracture" and received treatment thereafter. (*Id*.). The settlement demand additionally attached medical records of Plaintiff's post-injury treatment, without any billing records. (*Id*). Neither the demand letter nor the attached records indicated whether Plaintiff's treatment was ongoing and the subrogation lien was not specified. (*Id*.). The demand letter did, however remind Defendant of the simple negligence standard in Alabama and included a fourteen (14) day limitation for Defendant to accept Plaintiff's terms, the passing of which would result in a withdrawal of Plaintiff's demand to "pursue the appropriate remedy". (*Id*). Four days after the receipt of Plaintiff's settlement demand letter, Defendant removed this action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, based on diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1). Plaintiff now seeks to remand this action on grounds that the allegations in the Complaint coupled with the demand letter are insufficient to establish the requisite amount in controversy for federal jurisdiction to be invoked. (Doc. 7). The motion has been briefed, a hearing has been held, and the issue is ripe for adjudication.

**II.    STANDARD OF REVIEW**

"On a motion to remand, the removing party bears the burden of showing the existence of federal subject matter jurisdiction." *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). "Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *Id*.

A defendant is permitted to remove a case from state court to federal court if the case could have been brought in federal court in the first instance. *See* 28 U.S.C. § 1441. This includes

actions where the federal court has jurisdiction under 28 U.S.C. § 1332(a), which requires complete diversity of citizenship between the plaintiff and defendants and an amount in controversy that exceeds $75,000, exclusive of interest and costs. *See Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001); 28 U.S.C. § 1332(a). The amount in controversy "is less a prediction of how much the plaintiffs are ultimately likely to recover, than it is an estimate of how much will be put at issue during the litigation; in other words, the amount is not discounted by the chance that the plaintiffs will lose on the merits." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (quotation omitted).

The removing party "bears the burden of proof to establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *Dudley v. Eli Lilly and Co.*, 778 F.3d 909, 913 (11th Cir. 2014). Where, as in this case, the jurisdictional amount is not facially apparent from the complaint, the "court may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence, to determine whether the defendant has carried its burden." *S. Fla. Wellness*, 745 F.3d at 1315. A court may rely on "its judicial experience and common sense" in determining whether a claim satisfies the amount in controversy requirement. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010). Although a court may not resort to "conjecture, speculation, or star gazing" to find that the jurisdictional threshold is satisfied, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

**III.     DISCUSSION**

There is no dispute that complete diversity of citizenship exists.  As such, Plaintiff's argues only that remand is warranted because Defendant has not met its burden of establishing the amount in controversy.  (Doc. 7). More specifically, Plaintiff contends that the settlement demand letter was not a reasonable assessment on Plaintiff's claims but was only a starting price for negotiations and that the broad allegations in the Complaint do not support the amount in controversy.  (*Id*).  Accordingly, Plaintiff argues that in order to find the jurisdictional threshold to be met, this Court would need to engage in guesswork and speculation.  This Court disagrees.

As the parties recognize, the weight given to a demand letter depends on several considerations.  This Court has previously articulated those considerations as follows:

> "While [a] settlement offer, by itself, may not be determinative" of the amount in controversy, "it counts for something." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994). "In determining what that 'something' is, courts draw distinctions between settlement offers steeped in puffery and posturing at a high level of abstraction, on the one hand, and those yielding particularized information and a reasonable assessment of value, on the other." *Montreuil v. Costco Wholesale Corp.,* 2020 U.S. Dist. LEXIS 43828, at *2, 2020 WL 1243383, at *1 (M.D. Ala. Mar. 13, 2020) (quotation omitted). A settlement offer that reflects "puffing and posturing … is entitled to little weight in measuring the preponderance of the evidence." *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009). On the other hand, a settlement offer that provides specific information to support a plaintiff's claim for damages and suggests that a plaintiff is offering a reasonable assessment of the value of the claim is entitled to more weight. *Id*.

*Fox. V. Winn-Dixie Montgomery*, LLC, 2021 WL 4484564, *3 (S.D. Ala. September 13, 2021).  In its notice of removal, Defendant relies on several facts in the aggregate known to it prior to the removal and Plaintiff's demand letter of $100,000 to substantiate the amount in controversy.  More specifically, Defendant relied on the fact that Plaintiff was an elderly woman who allegedly

4

suffered a "thoracic spine fracture" and a *post-suit* settlement demand from Plaintiff's counsel for $100,000.  Because the demand letter specified Plaintiff's injury and included at least some of Plaintiff's medical records, this Court is satisfied that it is entitled to some weight.  Moreover, for several reasons, the Court is not persuaded by Plaintiff's position that the $100,000.00 demand was obviously an unrealistic measure of Plaintiff's damages and therefore, its weight should be diminished for purposes of determining whether Defendant met its burden.  Here, Plaintiff's demand letter was sent after suit was filed and some discovery had been exchanged.  Additionally, the demand letter included some medical records corresponding with Plaintiff's identified injury.  Further, the demand was not accompanied by any corresponding medical bills, did not indicate whether treatment was ongoing or completed, and did not provide any subrogation lien amount.  Certainly, had Plaintiff's letter provided Defendant with an estimate of Plaintiff's medical expenses, a lien amount, or indicated that Plaintiff's treatment had concluded, reliance on the amount of the demand could be more closely scrutinized.  With the information provided, however, Defendant lacked any reason to believe Plaintiff's demand amount was mere puffery and given the nature of Plaintiff's specified injury, a broken spine, common-sense considerations would imply otherwise.  As such, the evidentiary value of the demand letter is not diminished by any other information known to Defendant at the time it was received.  Accordingly, the settlement demand letter weighs in favor of establishing the requisite amount in controversy.   As a result, Court is satisfied that Defendant has met its burden of proof and remand is not warranted.

### IV.  CONCLUSION

For the reasons set forth herein above, Plaintiff's Motion to Remand (Doc. 7) is **DENIED**.

**DONE and ORDERED** this 12th day of December, 2024.

>/s/ JEFFREY U. BEAVERSTOCK
>CHIEF UNITED STATES DISTRICT JUDGE